UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1620

CAMERON JIBRIL THOMAZ,

Plaintiff – Appellant,

v.

IT'S MY PARTY, INCORPORATED, d/b/a I.M.P., Incorporated,

Defendant – Appellee,

and

SETH HURWITZ,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   James C. Cacheris, Senior District Judge.   (1:13-cv-00009-JCC-TRJ)

Submitted:  November 27, 2013       Decided:  December 20, 2013

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey L. Marks, Lauren T. Rogers, KAUFMAN & CANOLES, PC, Norfolk, Virginia, for Appellant. L. Barrett Boss, S. Rebecca Brodey, COZEN O'CONNOR, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron Jibril Thomaz appeals the district court's order granting the Appellee's motion and dismissing Thomaz' complaint alleging breach of contract pursuant to Fed. R. Civ. P. 12(b)(6). We review de novo a district court's dismissal under Rule 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, in ruling on a motion to dismiss, "a court may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington, 684 F.3d at 467 (internal quotation marks and citation omitted).

In addition, "[w]e are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record." United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not

err in dismissing Thomaz' claim for breach of contract for failure to state a claim upon which relief could be granted.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3